**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fidel Ponce, | No. CV-05-1526-PHX-SMM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

This matter arises on the Court's review of the file. Plaintiff commenced this action on May 23, 2005. (docket # 1) On June 21, 2005, the Court ordered service on Defendant and ordered Plaintiff to file a completed service packet by July 11, 2005. (docket # 4)

Although the deadline for returning the completed service packet passed, Plaintiff neither returned a completed service packet to the Court nor otherwise effected service on Defendant. Indeed, Plaintiff did not take any action in this case after May of 2005.

The Court, therefore, ordered Plaintiff to show cause why this matter should not be dismissed without prejudice for failure to comply with Court orders pursuant to Fed.R.Civ.P. 41(b), for failure to serve pursuant to Fed.R.Civ.P. 4(m), and for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and LRCiv 41.1(providing that a case which has "had no proceedings for six (6) or more months may be dismissed by the Court for want of prosecution.") (docket # 5)

Thereafter, on March 21, 2007, the Court received returned mail addressed to Plaintiff marked "undeliverable, released." (docket # 6) Plaintiff has neither notified the Court of his current address nor taken any other action in this matter since 2005.

1 Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v.
2 Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, a plaintiff who
3 has filed a pro se action must keep the Court apprized of his or her current address and comply
4 with the Court's orders in a timely fashion. This Court does not have an affirmative obligation
5 to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court
6 apprized of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir.
7 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to
8 prosecute. Moreover, Plaintiff has failed to prosecute this matter since its inception in 2005.

9 Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
10 plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move
11 for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the
12 Supreme Court recognized that a federal district court has the inherent power to dismiss a case
13 sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules
14 of Civil Procedure appears to require a motion from a party. Moreover, in appropriate
15 circumstances, the Court may dismiss a complaint for failure to prosecute even without notice
16 or hearing. Id. at 633.

17 In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the
18 Court must weigh the following five factors: "(1) the public's interest in expeditious resolution
19 of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
20 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
21 availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan,
22 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of
23 sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.
24 Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson,
25 910 F.2d 652, 656 (9th Cir. 1990).

26 Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
27 to keep the Court informed of his address and failure to respond to Court orders prevents the
28 case from proceeding in the foreseeable future. The fourth factor, as always, weighs against

dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered Plaintiff to show cause why this matter should not be dismissed. Plaintiff has not responded to the Court and, in view of Plaintiff's failure to advise the Court of his current address, the Court has no means of communicating with Plaintiff.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter judgment accordingly.

DATED this 6th day of April, 2007.

_____
Stephen M. McNamee
United States District Judge